UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| DAVID E. BANE, | ) | Case No. 13-1457 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. TRUSTEE, | ) | |
| | ) | |
| Appellee. | ) | |

APPELLANT'S MOTION FOR LEAVE TO FILE ATTACHMENT
TO REPLY BRIEF

COMES NOW the appellant, by counsel, who moves this Court for leave to file, pursuant to Local Rule 28(b), the "Attachment to Reply Brief of Appellant," a copy of which is attached to this motion as Exhibit 1. Grounds for the motion are as follows:

1. The Attachment contains only Defendant's Exhibit 12, which is a document admitted at trial and is in the record at Docket Entry Nos. 183 and 189 in Bankruptcy Adversary Proceeding No. 11-07013. Defendant's Exhibit 12 is the notice of "Trustee's Sale" of the appellant's Angel Lane property. Defendant's Exhibit 12 shows that the sale was scheduled for January 20, 2011.

2. The appellant's reply brief argues that the appellee was mistaken when she asserted in her brief that the foreclosure sale was scheduled for January 24, 2011. The purpose of the filing of this attachment to the reply brief is to place within handy reference the document, admitted at trial, that shows the foreclosure sale was scheduled for January 20, 2011.

3. The document in the attachment could have, and should

1

have, been included in the Joint Appendix, but it is not in the Joint Appendix. Therefore, the Court would have to look in the record for the document if the Attachment is not filed.

WHEREFORE the appellant prays that this Court will grant him leave to file, and accept for filing, the Attachment to the Reply Brief of Appellant.

                                        Respectfully Submitted,

                                        By: /s/ DAVID BANE

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia  24015
Tel: (540) 343-1173
Fax: (540) 343-1157

CERTIFICATE OF SERVICE

I, Gary M. Bowman, do hereby certify that a true and correct copy of this Motion for Leave to File Attachment to Reply Brief was served through the ECF system on August 2, 2013.

/s/ Gary M. Bowman
GARY M. BOWMAN

No. 13-1457

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DAVID E. BANE,

            Appellant,

v.

U.S. TRUSTEE,

            Appellees.

## ATTACHMENT TO REPLY BRIEF OF APPELLANT

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA

Gary M. Bowman, Esq.
VSB No. 28866
2728 COLONIAL AVE., STE. 100
Roanoke, Virginia  24015
    *Counsel for Appellant*



TRUSTEE'S SALE
0 ANGEL LANE – FRONTAGE ROAD 072
ROANOKE, VIRGINIA 24019

In execution of a Credit Line Deed of Trust in the original principal amount of $403,397.34 from Aequitas Energy, Inc., dated August 9, 2007, recorded in the Clerk's Office of the Circuit Court for the County of Roanoke, Virginia, as Instrument No. 200712972, default having occurred in the payment of the Note thereby secured and at the request of the holder of said Note, the undersigned Substitute Trustee will offer for sale at public auction to the highest bidder at 11:00 a.m. on the 20th day of January, 2011, at the main entrance to the building housing the Circuit Court of the County of Roanoke, Virginia, that parcel of land with any improvements thereon: PARCEL CONTAINING 50.621 ACRES, SHOWN ON PLAT BOOK 14, PAGE 45 IN THE ROANOKE COUNTY CLERK'S OFFICE (TAX MAP NO. 017.00-01-02.00-0000); 0 ANGEL LANE, A/K/A FRONTAGE ROAD 072, CATAWBA MAGISTERIAL DISTRICT, ROANOKE, VIRGINIA 24019, as more particularly described under said Deed of Trust, and subject to the "TERMS OF SALE" set forth below.

TERMS OF SALE: Cash with a successful bidder's deposit of ten percent (10%) of the sales price or $15,000, whichever is lower, in cash or cashier's check at the time of sale payable to Gentry Locke Rakes & Moore, LLP and balance due at settlement. Settlement shall occur within thirty (30) days after the sale or purchaser's deposit may be forfeited to the Trustee, with TIME BEING OF THE ESSENCE. Risk of loss or damage to the property shall be borne by the purchaser from the time of the foreclosure sale. The successful bidder at the sale shall be required to execute a memorandum of sale outlining the terms of settlement.

1

12317/1/3531478v1

Defendant Exhibit 12
Hearing Date 5/15/2012
AP Case No. 11-07013
Page 1 of 2

The Substitute Trustee reserves the right: (i) to amend or supplement the terms of sale by verbal announcement before bidding at the sale; (ii) to reject all bids; (iii) to waive or modify the deposit requirement; (iv) to withdraw all or any portion of the property from sale at any time prior to termination of the bidding; (v) to keep the bidding open for any length of time; and (vi) to extend the period of time for settlement.

The purchaser at the sale will be required to pay all closing costs except the grantor's recording tax. Real Estate taxes will be prorated as of the date of the sale.

The property will be sold "as is" without representation or warranties of any kind or nature, including and without limitation, title, zoning or physical condition, and without any implied warranty of merchantability or fitness for a particular purpose.

Should the Substitute Trustee be unable, in its sole discretion, for any reason to convey or transfer marketable title to the property, then it shall be a term of this sale that the purchaser's sole remedy in law or equity shall be the refund of deposit only. Upon refund of the deposit, the sale shall be void and of no effect. The property will be sold subject to all terms and conditions announced at the sale.

GENTRY LOCKE RAKES & MOORE, LLP,
Substitute Trustee

For information contact: David N. Cohan, GENTRY LOCKE RAKES & MOORE, LLP, 10 Franklin Road, S.E., Roanoke, Virginia 24022; Telephone: (540) 983-9395.

---

The advertisement above to appear in the editions of *The Roanoke Times,* on December 29, 2010; January 5, 2011; January 12, 2011; and January 19, 2011.

2

12317/1/3531478v1

Defendant Exhibit ___
Hearing Date 5/15/2012
AP Case No. 11-07013
Page ___ of ___